# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIM NO. 4:10CR48(01) |
| | § | APPEAL NO. 11-40770 |
| FRED FLORES GUTIERREZ | § | |

## MEMORANDUM OPINION AND ORDER

On May 27, 2011, this court entered judgment, including sentence, against Defendant Fred Flores Gutierrez. The Defendant submitted a *pro se* notice of appeal that is dated June 22, 2011 and stamped as filed on July 7, 2011. The final day for filing a timely notice of appeal was June 10, 2011.

Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure affords a criminal defendant fourteen (14) days in which to file a notice of appeal. Pursuant to Rule 4(b)(4) of the Federal Rules of Appellate Procedure, a district court may grant an additional thirty (30) days in which to file a notice of appeal upon a finding of excusable neglect or good cause. Since the Defendant filed his notice of appeal within the additional thirty (30) day period, the Fifth Circuit remanded the case to this court on August 3, 2011 for a determination of whether the untimely filing of the notice of appeal was due to excusable neglect or good cause. This court subsequently entered an order on August 18, 2011, directing the Defendant, by and through his court-appointed appellate counsel, to file an explanation with the court by September 16, 2011 explaining whether the untimely filing of his notice of appeal was due to excusable neglect or good cause.

Thereafter, the court received the Defendant's explanation for the untimely filing of his

1

notice of appeal. The Defendant's court-appointed appellate counsel notes that he was appointed to represent the Defendant after the Defendant filed his *pro se* notice of appeal. The Defendant's court-appointed appellate counsel advised the court that he contacted both the Defendant and the Defendant's trial counsel. The Defendant claims that his trial counsel failed to advise him that he had a finite period of time in which to file a notice of appeal. The Defendant's trial counsel disagrees with the Defendant's statement and asserts that he informed the Defendant of the appellate deadlines.

In *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission. These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).[1]

In light of the foregoing, the court finds that the Defendant has shown that the untimely filing of his notice of appeal was due to excusable neglect. The court finds that it is unlikely that the Government will suffer prejudice from the Defendant's delay in filing his notice of appeal. The Defendant, however, may be greatly prejudiced by the court's disallowance of his appeal.

---

[1]Although *Pioneer* involved a bankruptcy action, the Fifth Circuit determined that "*Pioneer* controls determinations of excusable neglect under Rule 4(b)." *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995).

It is, therefore,

**ORDERED** that the Clerk of this Court shall return this case to the Fifth Circuit Court of Appeals for further proceedings by forwarding a copy of this memorandum to the Fifth Circuit Court of Appeals and to the parties in this lawsuit.

IT IS SO ORDERED.

**SIGNED this the 7th day of October, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE